IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00005-PAB-KLM

JESSE BASSINGER,

     Applicant,

v.

R. WILEY, Warden,

     Respondent.

_____

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L.  MIX**

This matter is before the Court on the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** [Docket No. 1; Filed January 5, 2009] filed by Jesse Bassinger ("Applicant").  Respondent filed an Answer to Application for Writ of Habeas Corpus on March 17, 2009 [Docket No. 15] ("Answer Brief"), and Applicant filed a Traverse on April 10, 2009 [Docket No. 20].[1]  Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. L. Civ. R. 72.1.C, this matter has been referred to this Court for recommendation.  For the reasons set forth below, the Court recommends that the Application be **GRANTED**.

## I.    Statement of the Case

At the time of the Application's filing, Applicant was incarcerated by the Bureau of Prisons ("BOP") at the Federal Prison Camp in Florence, Colorado ("FPC-Florence").  *Application* [#1] at 1.  He is serving a fourteen-year sentence for conspiracy to possess and distribute methamphetamine.  *Answer Brief* [#15] at 1.  He has a projected release date of

---

[1] On July 17, 2009, and without leave of Court, Applicant filed a Supplemental Traverse [Docket No. 24].  Given my Recommendation, I do not consider it.

January 27, 2016.  *Id.* at 2.

While incarcerated at FCP-Florence, Applicant sought placement at a Community Confinement Center ("CCC") or Residential Reentry Center ("RRC").[2]  *See Application* [#1] at 18-26.  In June 2008, Applicant submitted formal and informal requests regarding his desire to be considered for placement at a CCC/RRC pursuant to the factors set forth in 18 U.S.C. § 3621(b).[3]  *Id.* at 18-20.  His informal request was denied by a Unit Team member on June 23, 2008, and he was informed:  "You will be considered 17-19 months prior to your projected release date which is January 27, 2016."  *Id.* at 18.  His formal grievance was denied by Warden Ron Wiley on July 30, 2008 for the same reason given by the Unit Team member, namely that Applicant is not eligible for such placement until he is within 17-19 months of his release date.  *Id.* at 21.

Applicant appealed Warden Wiley's decision to the BOP's Regional Director, Michael K. Nalley, in August 2008.  *Id.* at 22.  On September 12, 2008, Regional Counsel Nalley denied the appeal.  *Id.* at 23.  While he acknowledged that determination for placement "must be made on an individual basis in every inmate's case [pursuant to] the factors contained in 18 U.S.C. § 3621(b)," he does not indicate that he considered any of

---

[2] According to a BOP memorandum attached to Respondent's Answer Brief, the terms CCC and RRC appear to be synonymous with each other and refer generally to facilities that offer programs and services geared at better enabling a prisoner to re-enter the community after incarceration.  *November 14, 2008 Memorandum* [Docket No. 15-6] at 4; *see also Affidavit of Deborah A. Locke* [#15-2] at 5.

[3] Section 3621 denotes five factors BOP staff should consider prior to making any placement decision regarding an inmate's incarceration, including:  (1) the resources available at a particular facility; (2) the nature and circumstances of the inmate's crime; (3) the history and characteristics of the inmate; (4) any Court direction or recommendation regarding the location of imprisonment; and (5) any applicable policy statement issued by the Sentencing Commission.  18 U.S.C. § 3621(b).

these factors. Rather, he denied the request with the notation that "[y]our Unit Team indicates they will evaluate your case for additional RRC placement utilizing the new standards set forth by 'the Act,' during your scheduled Program Review 17-19 months prior to your release." *Id.*

Applicant appealed Director Nalley's decision to the Central Administrative Office of the BOP in September 2008. *Id.* at 25. Specifically, he requested "a 'good faith' review to be transferred to a correctional or penal facility, namely CCC/RRC, utilizing the five factors set forth in Title 18 U.S.C. 3621(b), to serve the remainder of my sentence. . . . 'The Bureau may at any time, having regard for the same matters, direct the **transfer** of a prisoner from one penal or correctional facility to another.'" *Id.* (quoting 18 U.S.C. § 3621(b)). His appeal was denied by the BOP's Director of National Inmate Appeals, Harrell Watts, on December 3, 2008. *Id.* at 26. Director Watts noted that "the Warden and Regional Director adequately responded to the issues raised in your appeal. Records indicate that your projected release date is January 27, 2016 . . . . You will be reviewed for RRC placement by the your Unit Team between 17 and 19 months of your projected release date." *Id.*

Applicant now contends that the BOP is required to make a good faith assessment of Applicant's placement by considering the five factors set forth in 18 U.S.C. § 3621(b). *Id.* at 3. Based upon the grievance responses attached to the Application, Applicant contends that "[t]he BOP refuses to do so, insisting that [it] will not until [P]etitioner is 17-19 months from release which imposes a sixth factor upon the inmate, that being the amount of time served." *Id.* He requests, among other things, "[t]hat the BOP be compelled to consider, in good faith, Petitioner's request for immediate placement . . . ." *Id.* at 5.

3

Respondent contends that Applicant's rejection for placement in an alternative facility was made pursuant to the factors set forth in 18 U.S.C. § 3621(b) and that he will be eligible for review at his next scheduled program review, which occurs every six to twelve months, assuming that he requests such consideration. *Answer Brief* [#15] at 9; *Affidavit of Deborah A. Locke* [#15-2] at 6-7. Respondent also argues that the Court lacks jurisdiction to consider this matter, that Applicant lacks standing to challenge his placement, and that BOP placement decisions are not subject to judicial review. *Id.* at 5-8.

In his Traverse, Applicant understandably questions Respondent's assertion that the Court does not have jurisdiction to consider this matter. *Traverse* [#20] at 1-3. Further, Applicant argues that the responses he received to his grievances belie Respondent's assertion in the Answer Brief that his review for placement is conducted in accordance with 18 U.S.C. § 3621(b) or that he is eligible for such review every six to twelve months. *Id.* at 3-6. Specifically, he contends that "no matter what Respondent **SAYS** it is willing to do, it has consistently refused to do it. . . . Applicant has the right under the law, 18 U.S.C. § 3621(b), to be considered for placement in any place of imprisonment. The Respondent has denied him that right . . . [and] in its own responses has proved that it is unwilling to consider him." *Id.* at 3-5. Finally, he asserts that "[t]here is no justification for stalling. Respondent has failed in supporting every defense raised to Applicant's § 2241." *Id.* at 6. For the reasons set forth below, I agree.

## II.    Jurisdiction

As a preliminary matter, Respondent argues that the Court lacks jurisdiction to resolve the Application pursuant to 28 U.S.C. § 2241 because Applicant "does not

4

challenge the 'fact or duration' of his sentence."  *Answer Brief* [#15] at 5.  This argument

is not well received.  The issue raised by Applicant has been a frequent subject of litigation

in this Circuit via habeas application.  *See, e.g.*, *Wedelstedt v. Wiley*, 477 F.3d 1160 (10th

Cir. 2007); *Bell v. Wiley*, 481 F. Supp.  2d 1168 (D. Colo. 2007); *Quintero v. Wiley*, No. 09-

cv-01123-BNB, 2009 WL 1972247 (D. Colo. July 2, 2009) (unpublished decision).  Further,

the Court notes that in a July 9, 2009 decision issued by the District Court for the District

of Kansas, an inmate attempted to pursue a related request for relief via writ of mandamus.

*See Hall v. BOP*, No. 09-3052-RDR, 2009 WL 2009007 (D. Kan. July 9, 2009) (unpublished

decision).  The petition was dismissed without prejudice and "[t]he clerk [was] directed to

send plaintiff forms for filing a § 2241 petition . . . ."  *Id.* at *4.  Respondent raises no

plausible argument for resolution of this issue differently from the cases cited above.

Moreover, for the reasons set forth below, and given the jurisprudence in this area,

Respondent's arguments regarding Applicant's alleged lack of standing and the Court's

alleged lack of authority to review BOP placement decisions are equally without merit.

### III.    Standard of Review

In essence, Applicant is challenging the execution of his federal sentence pursuant

to 28 U.S.C. § 2241.  *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Because

Applicant is proceeding *pro se*, the Court must construe his Application liberally.  *Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  In this regard, the Court should carefully weigh the need for Applicant to present

constitutional claims against any procedural defects caused by Applicant's *pro se* status.

*See Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir. 1993).  However, the Court is not the

nonmoving party's advocate and must nevertheless deny an application that is based on

vague or conclusory allegations.  *Hall*, 935 F.3d at 1110.

### IV.    Analysis

The Tenth Circuit's decision in *Wedelstedt v. Wiley* determines the outcome of

Applicant's Application and, indeed, should have clearly shaped Respondent's handling of

this issue during Applicant's administrative review process.  *See Wedelstedt*, 477 F.3d at

1166-69.   In *Wedelstedt*, the Tenth Circuit resolved the apparent conflict between 18

U.S.C. § 3621(b) and § 3624(c).  The BOP had taken the position that it was permitted by

law to "categorically refuse to consider whether the five statutory factors [set forth in §

3621(b)] would, nonetheless, weigh in favor of earlier CCC placement" than authorized by

§ 3624(c).[4]  *Id.* at 1167.  The Tenth Circuit determined that despite § 3624(c)'s apparent

direction to the contrary, such direction "has no bearing on whether a CCC may be

considered as a place of imprisonment *at some earlier point* in a prisoner's period of

incarceration."  *Id.* at 1166 (emphasis added).  Rather, "Section 3621(b) articulates clear

and unambiguous congressional intent that *all placement and transfer determinations* be

carried out with reference to each of the five factors enumerated in § 3621(b)(1)-(5)."  *Id.*

(emphasis added); *see also Bell*, 481 F. Supp. 2d at 1178 ("Because the statutory language

is clear that consideration of the five placement/transfer factors is mandatory, . . . the BOP

may not promulgate a categorical rule that forecloses evaluation of those factors for CCC

---

[4] At the time of the Court's opinion, § 3624 directed the BOP to "assure that a prisoner serving a term of imprisonment spend[] a reasonable part [of his or her term], not to exceed *six months*, . . . under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's reentry into the community."  18 U.S.C. § 3624(c) (2006) (emphasis added).  Since *Wedelstedt*, § 3624 has been amended to increase the amount of time an inmate is eligible for CCC/RRC placement to a maximum allowable *twelve months*, as opposed to six months.  18 U.S.C. § 3624(c) (2008).

placement prior to [the inmate's pre-release window].").

Following the Tenth Circuit's decision in *Wedelstedt*, and during the pendency of Applicant's administrative review process, the General Counsel of the BOP issued a memorandum to provide further "guidance to [Bureau] staff for considering and responding to inmate requests for transfer to [RRCs], when more than twelve months remain from their projected release date." *November 14, 2008 Memorandum* [#15-6] at 2.  While Applicant's initial reviewers did not have the benefit of the BOP memorandum when they denied Applicant's request, Director Watts denied Applicant's request *after* the BOP memorandum was circulated.  The BOP memorandum clearly conveys to BOP staff that regardless of the language of § 3624(c), "[i]nmates are legally eligible to be placed in an RRC *at any time* during their prison sentence."  *Id.* (emphasis added).

> Staff cannot, therefore, <u>automatically</u> deny an inmate's request for transfer to a RRC.  Rather, inmate requests for RRC placement must receive individualized consideration.  In other words, staff <u>cannot</u> say that an inmate, whatever the circumstances, is <u>automatically ineligible</u> for transfer to a RRC.  Rather, staff must first review the inmate's request on its individual merits, in accordance with policy, and as explained in this guidance.
>
> If an inmate requests transfer to an RRC prior to the pre-release time frame of 12-months from release, staff must individually consider the request, just as they would any other request for lower security transfer.  There is no need, however, to immediately perform the individualized review at the moment it is submitted.  Rather, the inmate should be informed that his/her request will be fully reviewed in conjunction with the next scheduled Program Review.
>
> When informing inmates of the timing for review of transfer requests, it is vitally important that staff <u>not</u> inform the inmate (either orally or in writing) that he/she is <u>ineligible</u> for transfer to a RRC.  Telling an inmate that he/she is <u>ineligible</u> for RRC placement is the same as <u>automatically</u> denying the inmate from even being considered for such placement, and is not in accord with Bureau policy.

*Id.* at 2-3 (emphasis in original) (footnote omitted).

7

The BOP appears to have comprehended the import of the law in this area, including case holdings preceding *Wedelstedt*, and to have issued appropriate directions regarding how a facility should handle requests to be considered for transfer to a CCC/RRC.  *See, e.g.*, *Levine v. Apker*, 455 F.3d 71, 87 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. BOP*, 432 F.3d 235, 247, 250-51 (3d Cir. 2005).  However, the grievance responses attached to the Application clearly convey that Respondent, and others up the chain of review regarding Applicant's grievance, failed to grasp the significance of the holding in *Wedelstedt* or the BOP's instructions and instead continued to categorically deny consideration based upon an arbitrary time frame.

Specifically, from start to finish during Applicant's administrative grievance process, he was consistently told that he would not be considered for placement at a CCC/RRC until he was within 17-19 months of his projected release date.  Application [#1] at 18, 21, 23 & 26; *see also Affidavit of Deborah A. Locke* [#15-2] at 7 (noting that according to BOP policy, "Applicant will be reviewed for RRC placement 17-19 months prior to his January 27, 2016 release date").[5]  These statements can only reasonably be interpreted to mean that the reviewers determined Applicant to be ineligible for his requested placement for no other reason than the amount of time left to be served on his sentence.  While Regional Counsel Nalley and Director Watts also mentioned the five factors to be considered pursuant to § 3621(b), there is no indication that either they, or any earlier reviewer, actually considered these factors before categorically denying Applicant's request due to

---

[5] This determination does not account for the clear mandate of § 3621 and *Wedelstedt* that all inmates, even if not nearing their pre-release window, cannot be categorically denied consideration without an individualized review of the five placement factors.

8

the length of time left on his sentence.  Mere mention of the factors is no substitute for actual <u>consideration</u> of them, or for an explanation as to the effect of such consideration. Both are lacking here.  Furthermore, while the Court credits Respondent's argument that, in accordance with BOP policy, Applicant is eligible for review of his placement every six to twelve months if he asks for it, see *Answer Brief* [#15] at 9; *Affidavit of Deborah A. Locke* [#15-2] at 6, in practice, this review has NOT been provided to Applicant.  Rather, he has been consistently denied his request for consideration for placement in a CCC/RRC for the sole reason that he was ineligible for such consideration until he was within a 17-19 month window of his release date.  Such action is not in accordance with 18 U.S.C. § 3621(b), *Wedelstedt*, or BOP policy.

## V.   Conclusion

As set forth above, I respectfully **RECOMMEND** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 be **GRANTED** as directed below.

I **RECOMMEND** that Respondent be required to consider Applicant for placement in a CCC/RRC, in good faith and in accordance with 18 U.S.C. § 3621(b), at his next program review if he requests such consideration.  Respondent shall provide Applicant with an explanation of the placement decision ultimately made.[6]

To the extent that Applicant filed a "notice" purporting to have the Court take judicial notice of the history of CCC/RRC placements of inmates incarcerated at FPC-Florence

---

[6] According to Respondent, Applicant's next scheduled program review is in December 2009.  *Affidavit of Deborah A. Locke* [#15-2] at 6.  The Court takes no position as to whether Applicant should be transferred to a CCC/RRC and, indeed, Applicant acknowledges that he merely seeks "an individualized review for consideration for placement."  *See Application* [#1] at 14, 16-17.

9

[Docket No. 21], this pleading has not been docketed as a motion, and I need not rule on it here.  In any event, were it a motion, I would deny it as moot.

IT IS FURTHER **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:        July 27, 2009

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix