IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer

Civil Case No. 09-cv-00005-PAB-KLM

JESSE BASSINGER,

    Petitioner,

v.

R. WILEY, Warden,

    Respondent.
_____

**ORDER**
_____

    This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 25], which recommends that the Court grant the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("the Application") [Docket No. 1] filed by petitioner Jesse Bassinger and require that respondent consider petitioner for placement in a Residential Reentry Center ("RRC") at his next program review. Respondent did not object to the Recommendation. On August 19, 2009, petitioner filed untimely objections [Docket No. 26] to the Recommendation. Respondent filed a response [Docket No. 27], and petitioner filed a reply [Docket No. 28].

    The Court will first address the issue of the timeliness of petitioner's objections. Petitioner admits in his objections that they are untimely. Objections at 2. However, petitioner states that his objections are based on events which took place after his objections were due, but which impact the Recommendation. Specifically, petitioner

claims that on August 14, 2009 the Bureau of Prisons ("BOP") conducted "an early review to consider his request for transfer to an RRC near his family." Objections at 1. Because this review is directly related to whether or not respondent has already complied with the Recommendation and because the review occurred after the deadlines for filing objections to the Recommendation, the Court deems the Objections to be timely.

In his Objections, petitioner provides a description of some of the discussions he had with the BOP staff on August 14, 2009 concerning his appropriateness for transfer to an RRC. Objections at 2-5. It is obvious from the Objections that the BOP denied his request for a transfer at this review. As a result, Petitioner requests that the Court order the BOP not to consider certain types of information, such as the length of his sentence, the time remaining on his sentence, and whether his underlying offense involved a firearm, and also order the BOP to take certain types of information into account, such as the need for him to complete his education and to improve his familial relationships. Objections at 2-4.

Respondent's response [Docket No. 27] to the Objections states that petitioner's Unit Team reviewed petitioner for placement in an RRC on August 14, 2009. The response states: "After considering all of these factors, including that Plaintiff still has 76 months (over six years) remaining on his sentence, Plaintiff's Unit Team determined that Applicant was not appropriate for placement in an RRC at this time." Response at 3. The response indicates that petitioner was given a copy of the "RRC placement worksheet and decision." *Id.* A copy of this worksheet is attached to the response as

Attachment 2 to Exhibit A-1.  Respondent claims that the August 14, 2009 review fully complied with the Recommendation.  Response at 3.

In his reply [Docket No. 28], petitioner claims that respondent did not consider his request for a transfer in good faith and applied the wrong transfer criteria to him on August 14, 2009.  Reply at 1-3.  He asks that the Court order respondent (1) to reconsider him for immediate placement in an RRC within traveling distance of his children, (2) to disregard the time-to-release factor, (3) to consider RRC facilities within 500 miles of his home and to provide him with the opportunity to complete his education, (4) to report the outcome of its reconsideration of his transfer request; and (5) to provide written details of its decisions in all 18 U.S.C. § 3621(b) transfer requests.  Reply at 5.

The RRC placement worksheet attached to respondent's response is dated August 13, 2009.  Docket No. 27, Exhibit A-1, Attachment 2.  The worksheet consists of a pre-printed form containing blank lines that have been filled in with handwriting.  At the top, it states "Review for Residential Reentry Center, ** Second Chance Act of 2007***."[1]  Petitioner's name is then written in, along with his registration number and release date of January 27, 2016.

---

[1] Petitioner is correct that the form references the Second Chance Act in the heading.  However, that does not mean that the form pertains only to RRC placement in the last twelve months of a prisoner's sentence pursuant to 18 U.S.C. § 3624(c)(1).  The BOP must evaluate both "pre-release" inmates under § 3624(c) and inmates requesting transfers pursuant to § 3621(b) on an individualized basis in reference to the five factors in § 3621(b).  *See* 18 U.S.C. § 3624(c)(6); *Garza v. Davis*, --- F.3d ----, 2010 WL 537769, at *3 (10th Cir. Feb. 17, 2010) (noting that a November 14, 2008 BOP memorandum requires the BOP to give individualized consideration to requests for transfer when more than twelve months remain from an inmate's projected release date).  Thus, the form can be used for both purposes.

The first factor listed in § 3621(b) is "the resources of the facility contemplated." The worksheet contains a heading for that factor, with pre-printed topics relating to job, transportation, housing and medical needs. While the pre-printed words of this form do not reflect consideration of a specific facility, the form states that the BOP gave individualized consideration of petitioner's resources, planned residence upon release, and job skills, which are relevant to placement considerations.[2] Moreover, a document entitled "Release Plans to Submit to Your Case Manager" is attached to the worksheet, wherein petitioner indicates that he requests transfer to an RRC in Billings, Montana. Docket No. 27, Exhibit A-1, Attachment 2.

The second factor listed in § 3621(b) is "nature and circumstances of the offense." The form has a heading with those words and next to that heading is handwriting that lists Conspiracy to Possess with Intent to Distribute Methamphetamine and Possession with Intent to Distribute Methamphetamine, which are the offenses for which petitioner is serving his sentence.

The third factor under § 3621(b) is "history and characteristics of the prisoner." Once again, the form contains a corresponding heading. Under this heading, the form has handwritten entries that provide specific information about the petitioner as to the following information: "Educational/Vocational Participation," "FRP Participation," "Work Performance," "Counseling Programs," "RPP Participation," "Discipline History," and "Relevant prior record."

---

[2]The court in *Wedelstedt v. Wiley*, which reviewed the factors listed in § 3621(b), did not list this factor as one having an "individualized nature." 477 F.3d 1160, 1168 (10th Cir. 2007).

The fourth factor under § 3621(b) is "any statement by the court that imposed the sentence." The form contains a heading to that effect and handwritten comments indicate that petitioner was held accountable for 939.09 grams of methamphetamine and that he traded firearms for the drugs, which "presents an increased risk of danger." The comments also indicate that a "sentence of 168 months adequately reflects his role in the conspiracy." Notes on the back of the form state that "the court did not recommend [inmate] serve his sentence in an RRC."

The fifth factor under § 3621(b) is "any pertinent policy statement issued by the U.S. Sentencing Commission." A heading to this effect on the form notes the petitioner's guideline range under the U.S. Sentencing Commission guidelines and the fact that the petitioner's sentence was within the guidelines.

The form also contains handwritten notes regarding what resources petitioner has available to him in such areas as family support, life skills, job skills, and potential residence upon release.

The bottom of the worksheet contains handwritten reasons for the BOP denying petitioner's RRC request: "Due to the amount of time remaining to serve (76 months), it has been determined that you are not appropriate for RRC placement at this time; however, when you have approximately 17-19 months remaining to serve on your sentence, you can be considered for up to 12 months placement in an RRC." The worksheet notes on the back that "RRC's are procured by the BOP primarily to assist inmates in reintegrating into the community during the last 12 months of their prison sentence."

The Court finds that the August 13, 2009 worksheet demonstrates that the BOP did consider each of the five factors in relation to petitioner's request for placement in an RRC and did so in good faith. The fact that the BOP considered the time remaining on petitioner's sentence is permissible and relevant under § 1326(b). *See Miller v. Whitehead*, 527 F.3d 752, 757 (8th Cir. 2008). As a result, petitioner received what he was entitled to under 18 U.S.C. § 3621(b) – individualized consideration of the five factors. *See Neal v. Sanders*, No. CV 08-8125-CJC (RNB), 2009 WL 4906535 (C.D. Cal. Dec. 18, 2009) at *6, and cases cited therein.

Given that petitioner received individualized consideration of his RRC placement request under § 3621(b), the Application is now moot. A case is moot when the issues presented are no longer "live." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The Court lacks jurisdiction to consider any case that has "lost its character as a present, live controversy," *Hall v. Beals*, 396 U.S. 45, 48 (1969). Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live controversy, mootness is a jurisdictional issue. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). Because petitioner received the relief he was entitled to under § 3621(b) on August 13, 2009, there is no longer a "live" controversy. Accordingly, it is

ORDERED that the Court accepts the Recommendation [Docket No. 25] and finds that the respondent has complied with the magistrate judge's recommendation that respondent be required to consider petitioner for placement in an RRC, in good faith and in accordance with 18 U.S.C. § 3621(b), at his next review date. It is further

6

ORDERED that the objections of petitioner [Docket No. 26] are overruled. It is further

ORDERED that the Application [Docket No. 1] is dismissed as moot. It is further

ORDERED that there is no basis on which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c).


DATED March 9, 2010.

          BY THE COURT:

          s/Philip A. Brimmer
          PHILIP A. BRIMMER
          United States District Judge