IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00005-PAB-KLM

JESSE BASSINGER,

    Petitioner,

v.

R. WILEY, Warden,

    Respondent.

_____

**ORDER**
_____

This matter is before the Court on petitioner's motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) [Docket No. 31]. On March 9, 2010, the Court dismissed petitioner's application for habeas corpus as moot [Docket No. 29] and on March 11, 2010, the clerk entered judgment in favor of respondent [Docket No. 30]. Petitioner filed his motion [Docket No. 31] requesting that the Court reconsider its entry of judgment on April 7, 2010, within twenty-eight days of the entry of judgment. The motion is fully briefed and ripe for disposition.

**I.  STANDARD OF REVIEW**

Petitioner appears *pro se* in this case and, as a result, the Court must review his claims liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

Because Rule 59(e) circumvents the normal appeals process, relief under the rule is strictly prescribed: "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted). The basis for a motion to reconsider "must not have been available at the time the first motion was filed." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.*

## II. ANALYSIS

Petitioner's Rule 59(e) motion [Docket No. 31] first argues that the Court erred by relying on precedent from the Eighth Circuit, specifically *Miller v. Whitehead*, 527 F.3d 752 (8th Cir. 2008). Petitioner contends that *Miller* is contrary to the Tenth Circuit's decision in *Wedelstedt v. Wiley*, 477 F.3d 1160, 1168 (10th Cir. 2007). Cases from the Eighth Circuit are not binding on this Court; however, in the absence of any cited or known Tenth Circuit authority directly on point, the Court did not err by considering this persuasive authority. Moreover, *Miller* does not conflict with *Wedelstedt*. *Wedelstedt* held that a prisoner seeking placement in a Community Confinement Center ("CCC") or Residential Reentry Center ("RRC") is entitled to a good faith, individualized consideration of the four factors listed in 18 U.S.C. § 3621. *See* 477 F.3d at 1168. *Miller* held that the BOP may also consider the time remaining on a prisoner's sentence in addition to these factors. *See* 527 F.3d at 757. Thus, *Miller* does not conflict with

*Wedelstedt* and petitioner has not demonstrated that the Court committed a clear error in considering *Miller* as persuasive authority.

Petitioner next argues that respondent did not actually consider the section 3621(b) factors as required by *Wedelstedt*, but instead continues to apply a categorical rule denying placement at an RRC to any inmate with more than six months left on his sentence. As evidence of this continued categorical bar, petitioner points to the fact that no inmate at his facility has been recommended for placement at an RRC before this time. Docket No. 31 at 2. The Court, however, considered and rejected these arguments after petitioner raised them in his reply to the response to his objections. *See* Docket No. 28 at 2-3. Therefore, upon consideration of petitioner's liberally construed Rule 59(e) motion, the Court finds that Mr. Bassinger fails to demonstrate the existence of an intervening change in controlling law or new evidence and also fails to convince the Court of any need to correct clear error or prevent manifest injustice. The motion to alter the judgment will be denied.

### III.  CONCLUSION

Accordingly, it is

**ORDERED** that petitioner's Motion Pursuant to 59(e) to Alter or Amend Judgment [Docket No. 31] is **DENIED**.

DATED February 9, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge